Tong v. Lynch

BIA
Vomacka, IJ
A089 198 140

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand sixteen.

PRESENT:
>PIERRE N. LEVAL,
>ROSEMARY S. POOLER,
>DENNY CHIN,
>>*Circuit Judges.*

_____

HUA TONG,
>*Petitioner,*

>v.

LORETTA E. LYNCH[1], UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

12-3009
NAC

_____

FOR PETITIONER:      Mouren Wu, New York, New York.

_____

[1]Loretta E. Lynch is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

**FOR RESPONDENT:** Stuart F. Delery, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Kerry A. Monaco, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Hua Tong, a native and citizen of the People's Republic of China, seeks review of a July 23, 2012, decision of the BIA affirming the April 29, 2011, decision of Immigration Judge ("IJ") Alan A. Vomacka, which pretermitted her application for asylum, alternatively denied asylum, and denied withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Hua Tong*, No. A089 198 140 (B.I.A. July 23, 2012), *aff'g* No. A089 198 140 (Immig. Ct. N.Y. City Apr. 29, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the decision of the IJ as modified and supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005);

2

*Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).  As a preliminary matter, we assume, as the BIA did, Tong's credibility, and we do not consider the agency's pretermission of her asylum application as untimely because the agency's alternative finding that she failed to provide reasonably available corroborating evidence was dispositive of her asylum claim, as well as withholding of removal.  *See Yan Chen*, 417 F.3d at 271.  Tong does not challenge the agency's denial of CAT relief.

Although "credible testimony alone may be enough to carry the alien's burden of proof," an IJ may "require that credible testimony of the alien be corroborated in circumstances in which one would expect corroborating evidence to be available and presented in the immigration hearing."  *Chuilu Liu v. Holder*, 575 F.3d 193, 196-97 (2d Cir. 2009) (internal quotation marks and alteration omitted); *see also* 8 U.S.C. § 1158(b)(1)(B)(ii) (providing that testimony alone may be sufficient if it is credible, persuasive, and sufficiently specific).  Here, the agency reasonably found corroborating evidence necessary as Tong

3

made only two vague statements to support her claim that Chinese authorities had threatened to arrest her in 1999 and again in 2009. *See Chuilu Liu*, 575 F.3d at 196-97.

The agency did not err in finding such evidence reasonably available as Tong submitted letters from her mother, uncle, and friends; however, those letters did not corroborate Tong's statements. *See id*. The IJ also reasonably expected a letter from Tong's father because, according to Tong's application, he was the only individual with personal knowledge regarding Chinese authorities' effort to arrest her in 1999. Accordingly, the agency did not err in finding that Tong failed to establish her eligibility for asylum and withholding of removal based on her lack of corroboration. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu*, 575 F.3d at 196-97; *see also Yan Juan Chen v. Holder,* 658 F.3d 246, 254 (2d Cir. 2011).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4